McKinney, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted in the Circuit Court of Grainger, for the murder of a female slave, the wife of the prisoner. He was found guilty, and sem- *50 tenced to be hung. The case is brought up by an appeal in error; and the error assigned is, the refusal of the Court to grant a continuance of the case.
It appears from the record, that the indictment was found at the December Term, 1857, just before the close of the term; and after the traverse jury had been discharged, and all the other business of the Court had been continued over to the next term; in consequence of which, the prisoner was not arraigned on the indictment until the following April Term. At the April Term, upon being charged on the bill of indictment, the prisoner presented his affidavit under the act of 1827, ch. 30, sec. 2, asking a continuance, on the ground of the great excitement in the public mind to his prejudice. But the application was refused, and he was put upon his trial.
The act referred to, provides, that if the defendant in a criminal -case, in which a change of venue is not allowed by law, “will make oath that there exists too great an excitement to” (his) “prejudice, to come to trial at the first term, it shall be a sufficient cause for a continuance for one term only.”
It is said the continuance was refused on the ground, that, as the prisoner was not put upon tidal until the next, or second term after the indictment -was found, he had, in fact, had all the benefit of the delay contemplated by the statute; and, therefore, the reason of the law had ceased to apply, and the case was not within the statute.
This construction is wholly inadmissible. In favor of life, the statute is to receive a liberal exposition; such is the uniform principle. The construction contended for, *51 and adopted by his honor, the Circuit Judge, is directly in the face of the plain words, as well as the spirit of the act. The act explicitly declares, that upon oath being made as therein prescribed, “ it shall be a sufficient cause for a continuance for one term.” And it is not for the Court, either to say that it shall not be a sufficient cause, or to gainsay the truth of the statement verified' by the defendant’s oath.
It is clear, that, by the words “first term,” was meant the term at which the prosecuting officer of the government demands the arraignment and trial of the defendant.
On this ground, the judgment must be reversed, and the prisoner be remanded for a new trial.